UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                               :

RAHMAN SOTO,                                  :

                      Plaintiff,        :        04 Civ. 1126 (PAC) (MHD)
                                            :        OPINION & ORDER
          - against -                   :
                                            :

DR. REZKELLA,                            :
DEPARTMENT OF CORRECTION,  :
GEORGE MOTCHAN DETENTION      :
CENTER, CLINICAL STAFF, ET AL.    :
                                            :
                      Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        HONORABLE PAUL A. CROTTY, United States District Judge:

        Plaintiff Rahman Soto ("Soto"), commenced this suit under 42 U.S.C. § 1983 while incarcerated at the George Motchan Detention Center ("GMDC"), a facility on Rikers Island.[1] Soto claims that on July 8, 2003, he was denied medical care for a serious injury by prison physician Dr. Laurence Rezkalla ("Dr. Rezkalla"). Soto alleges a violation of his rights under the Eighth Amendment in connection with the incident, naming as defendants Dr. Rezkalla, the New York City Department of Correction ("Department of Correction") and the GMDC. Defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56 on the grounds that: (1) Dr. Rezkalla cannot be found to have acted with deliberate indifference to a serious medical condition; (2) Dr. Rezkalla is shielded from liability by a qualified immunity defense; (3) the Department of Correction and GMDC are not suable entities; and (4) Plaintiff's state law claims should be dismissed for a failure to exhaust statutory remedies.

---

[1] Soto commenced this action as a pro se plaintiff in January 2004, but his request for counsel was granted in October 2004.

1

This case was referred to United States Magistrate Judge Michael H. Dolinger, who issued his Report and Recommendation ("R&R") on May 11, 2007, recommending that Defendants' motion for summary judgment be granted as to the claims against the Department of Correction, and denied as to the § 1983 claim against Dr. Rezkalla.

On May 24, 2007, Dr. Rezkalla filed timely objections to the portions of the R&R relating to the § 1983 claims against him. Plaintiff Soto in turn submitted a reply to the objections on June 14, 2007. Having reviewed the parties' submissions, the Court adopts Magistrate Judge Dolinger's R&R, and grants Defendants' motion in part and denies it in part.

## DISCUSSION

### I. Consideration of a Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate judge's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

### II. Recommendations Lacking Objection

The Court finds no error in those portions of the R&R to which Defendants have not objected. Accordingly, the Court accepts and adopts as its own the following findings, as explained more fully in the R&R:

(1) The Department of Correction and the GMDC are not suable entities, and Defendant's claims against them must be dismissed; and

2

(2) Soto's Complaint does not plead any claims under New York State law.

## III. Soto's § 1983 Claim against Dr. Rezkalla

Soto's claim against Dr. Rezkalla is based on Dr. Rezkalla's alleged denial of medical care in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Dr. Rezkalla argues that no reasonable juror could find a violation of Soto's Eighth Amendment rights, and alternatively that a qualified immunity defense bars Soto's claim. The Court finds neither argument persuasive, and denies the motion for summary judgment as to the claim against Dr. Rezkalla.

### A. Relevant Facts[2]

At all relevant times, Soto was a prisoner and Dr. Rezkalla was a prison physician at GMDC. On July 6, 2003, Soto felt pain and swelling in his legs after exercising in his prison cell. Soto alleges that his condition had worsened by July 8, 2003, to the point where he could not bend his legs. Soto was brought by stretcher to the prison clinic, where he was examined by Dr. Rezkalla. Soto's testimony and Defendant's notes and affidavit substantially conflict as to their account of Dr. Rezkalla's examination.

Dr. Rezkalla's notes and affidavit reflect that he conducted a full body examination of Soto, found no abnormalities in Soto's condition, and then cleared Soto for return to his cell. He also allegedly offered Soto a Motrin for his pain. Soto testifies that during his examination, Dr. Rezkalla forcefully stuck a finger in his anus and bent his swollen legs back, causing him such severe pain that he began to cry. He further testifies that Dr. Rezkalla told him he was "faking," and signed him out

---

[2] The following facts are drawn from the R&R. The parties' did not object to these facts as determined by Magistrate Judge Dolinger. Dr. Rezkalla does object to other facts related in the R&R, but those facts are irrelevant to the Court's ruling on the present motion.

3

from the clinic. R&R, 2. Soto states that, unable to walk, he was forced to crawl out of the clinic, and that Dr. Rezkalla witnessed him doing so and simply walked past.

According to Soto, another doctor in the clinic saw him in this condition, quickly examined him, and sent him to Elmhurst Hospital for treatment. At the hospital, Soto alleges he was told that if he had not been sent there promptly, "he could have lost his kidneys and even died." Id. at 3. Emergency surgery was performed at the hospital "to release the pressure" from Soto's legs, followed by a subsequent procedure to close the incisions. Id. Soto reports he now has twenty-inch scars and feels occasional pain in both legs.

## B. Summary Judgment Standard

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment should only be granted if "the nonmoving party 'has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.'" Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, the Court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006) (citation omitted). Summary judgment should not be granted where issues of fact are "genuine," and "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## C. The Eighth Amendment and Denial of Medical Care

"To establish an unconstitutional denial of medical care, a prisoner must prove

'deliberate indifference to [his] serious medical needs.'" Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The test for deliberate indifference consists of both an objective and subjective component. Hathaway, 37 F.3d at 66.  To satisfy the objective component, "the alleged deprivation must be, in objective terms, 'sufficiently serious.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  This is to say "the prisoner must prove that his medical need was 'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir.1998)).  To satisfy the subjective component, the charged prison official must "act with a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66 (citation omitted).  This requires that the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  An allegation that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 106.

**D.  Genuine Issues of Material Fact Preclude Summary Judgment on Soto's Claim**

There is no serious dispute, at least for purposes of this motion, that Soto's medical need was serious.  Instead, Dr. Rezkalla argues that "only reasonable inference" that may be drawn from the facts is that his treatment decision was "an exercise of professional judgment based on [his] examination." Dr. Rezkalla's Memorandum of Law in Support of his Objection to the Report and Recommendation, 5.  A good faith exercise of such judgment would, as noted, be insufficient to create liability.  Viewed in the light most favorable to Soto, however, the evidence clearly presents

5

genuine issues of material fact as to whether Dr. Rezkalla acted with deliberate indifference to Soto's medical needs.

Given the evidence put forward by the parties, deciding whether Dr. Rezkalla was deliberately indifferent requires an evaluation of the relative credibility of Soto and Dr. Rezkalla, a determination the Court cannot make on summary judgment. Soto's allegations, if true, suggest that Dr. Rezkalla was dismissive of Soto's complaints and actively abusive in the conduct of his examination. They further show that Dr. Rezkalla rejected Soto's request for treatment out of hand when another prison doctor determined almost immediately that Soto required hospitalization. A jury could find that the disparity in treatment, combined with the other facts, suggested active indifference rather than negligence. Perhaps most compelling, Dr. Rezkalla allegedly witnessed Soto attempting to crawl away from the clinic and simply walked past him. While Dr. Rezkalla could argue that this conduct is explained by his professional judgment that Soto was "faking," a jury is not required to accept that explanation. A reasonable juror who credited Soto's testimony would, therefore, be able to find that Dr. Rezkalla was not merely negligent but deliberately indifferent.

Dr. Rezkalla maintains that the facts in the present case are analogous to those in this Court's decision in Palacio v. Ocasio, No. 02 Civ. 6726, 2006 WL 2372250 (S.D.N.Y. August 11, 2006), granting summary judgment against an inmate alleging a denial of medical treatment. Palacio, however, is clearly distinguishable. The plaintiff's claims in Palacio rested entirely upon a two-hour delay in treatment after an inmate-on-inmate assault and the treating physician's misdiagnosis of his broken jaw. Id. at *2. There was no direct evidence of indifference of the kind provided by Soto's testimony here. As a result, the plaintiff's allegations in Palacio rose to nothing more than an accusation of negligence; the evidence here is of an entirely different order. Since a reasonable trier

of fact may find for Soto on the issue of deliberate indifference, summary judgment is not appropriate.

### D. Dr. Rezkalla's Defense of Qualified Immunity

As an alternative ground for summary judgment, Dr. Rezkalla maintains that he is entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A prisoner's constitutional right under the Eighth Amendment to be free from deliberate indifference to their serious medical need is clearly established, and would be well known by any reasonable prison doctor. For the reasons just discussed, genuine issues of material fact exist as whether Dr. Rezkalla violated that right, and summary judgment cannot be granted based on a qualified immunity defense.

### CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED IN PART and DENIED IN PART. The sole remaining claim in this matter is Plaintiff's § 1983 claim against Dr. Rezkalla for denial of medical treatment. The Clerk of the Court is directed to close out this motion.

Dated: New York, New York
       July 26, 2007

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Sarit Hoffman
310 East 70th Street
New York, NY 10021

Michael Steven Chestnov
New York City Law Depart. Office of the Corporation Counsel
100 Church Street
New York, NY 10007